IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

MITCHELL DAVID HOLLAND,

    Petitioner,

v.                                      CASE NO. 5:18-cv-59-MCR-GRJ

SECRETARY, FLORIDA DEPT.
OF CORRECTIONS,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner initiated this case by filing an "emergency" petition for writ of habeas corpus under 28 U.S.C. § 2254.[1] ECF No. 2. This case is before the Court on ECF No. 5, Respondent's motion to dismiss for failure to exhaust state remedies. Petitioner filed a response, ECF No. 4, and the motion is therefore ripe for review. For the reasons discussed below, the undersigned recommends that the motion to dismiss be granted.

### I. State-Court Proceedings

In February 2015 Petitioner was charged by Information with driving while his driver's license was suspended or revoked as a habitual offender

---

[1] Petitioner labeled his petition an "emergency petition" because he did not provide it to prison officials for mailing until February 28, 2018, and his scheduled release date is July 15, 2018.

and giving a false name to a law enforcement officer. ECF No. 5-2 at 2. Petitioner pleaded guilty to both counts and was sentenced to three year's probation on April, 20 2015. ECF No. 5-3 at 2–4. A week later, a warrant was requested based on allegations that Petitioner violated his probation by absconding and failing to follow instructions. ECF No. 5-4 at 2–3. He then pleaded guilty to violating his probation on June 5, 2015, and he was sentenced to six months in jail, with credit for 36 days, followed by probation until April 19, 2018. *Id.* at 4–6.

In February 2016, Petitioner was charged by Amended Information with possession of methamphetamine and resisting an officer, which occurred in November 2015 while Petitioner was on probation. ECF Nos. 5-5 at 2–3, 5-6 at 2. As a result, Petitioner also violated his probation. ECF No. 5-7. Petitioner entered a no contest plea and was sentenced to five years' probation on February 15, 2016. ECF Nos. 5-8 at 2–3, 5-9 at 2–3.

In May 2016 the State recommended Petitioner's supervision be revoked for his failure to follow rules in a drug treatment program and his discharge from that program. ECF No. 5-10 at 2–3. The recommendation to revoke his supervision was stated again after Petitioner was charged with possession of drug paraphernalia in January 2017. *Id.* at 6–10. On April 6, 2017, Petitioner entered a guilty plea to violating his probation.

ECF Nos. 5-11 at 2, 5-12 at 2–17. His probation was revoked, and he was sentenced to two years' imprisonment. ECF Nos. 5-11 at 2, 5-12 at 2–17.

On October 11, 2017, Petitioner filed a motion to correct illegal sentence under Rule 3.800(a) of the Florida Rules of Criminal Procedure. ECF No. 5-13 at 9–17. In his motion, he argued his counsel was ineffective for failing to investigate and advise Petitioner that he did not qualify for habitual offender enhancements, which resulted in an involuntary plea and illegal sentence. *Id.* The circuit court dismissed the motion without prejudice on November 13, 2017, as facially insufficient and as seeking an inappropriate legal remedy because a motion to correct illegal sentence is only appropriate for challenging a sentence, not a conviction. *Id.* at 18–19. The court allowed Petitioner an opportunity to file a proper and facially sufficient post-conviction motion for consideration on the merits. Petitioner then appealed to the First District Court of Appeal ("First DCA"). *Id.* at 20–25.

But before the First DCA ruled on the case, Petitioner filed a Rule 3.850 motion raising two grounds for relief on January 22, 2018. ECF No. 5-14 at 3–6. First, he argued that his counsel's failure to investigate and advise him that he did not qualify for habitual offender enhancement renders his plea involuntary and his sentence illegal. *Id.* Second, he

argued that his counsel's failure to review his scoresheet for errors resulted in an illegal sentence. *Id.*

On February 6, 2018, the First DCA affirmed *per curiam* the circuit court's dismissal of Petitioner's "Motion to Correct Illegal Sentence" under Rule 3.800(a). ECF No. 5-15 at 2. Petitioner filed a motion for rehearing, which the First DCA denied on March 7, 2018. *Id.* at 4–9, 20. The mandate followed on March 28, 2018. *Id.* at 22.

On March 16, 2018, Petitioner filed an amended Rule 3.850 motion. ECF No. 5-16 at 2–10. In the amended motion, he first argued that the state attorney committed perjury and issued a false and defective charging information document by claiming he had a prior forcible felony, which violated his due process rights. *Id.* at 5–6. Second, he argued his sentence was unconstitutionally enhanced because he did not have a prior forcible felony. *Id.* at 6–7. Third, Petitioner argued counsel was ineffective for failing to investigate and failing to advise him that he did not qualify for a habitual offender, and counsel's deficient performance prejudiced him. *Id.* at 7–8. Finally, he argued the state lied under oath to enhance his charge, extend his incarceration, and excessively punished him. *Id.* at 8.

On February 28, 2018, Petitioner filed his § 2254 petition, in which he raised the same four grounds for relief that he argued in his amended Rule

3.850 motion. ECF No. 2. But as of that date, Petitioner's Rule 3.850 was still pending in the circuit court.

## II. Section 2254 Exhaustion

Before bringing a habeas action in federal court, a petitioner must exhaust all state court remedies that are available for challenging his conviction, either on direct appeal or in a state postconviction motion. 28 U.S.C. §§ 2254(b)(1), (c). Exhaustion requires that prisoners give the state courts a "full and fair opportunity" to resolve all federal constitutional claims by "invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). To properly exhaust a federal claim, a petitioner must "fairly present" the claim in each appropriate state court, thereby affording the state courts a meaningful opportunity to "pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quotation omitted).

## III. Discussion

**A. Petitioner's claims are unexhausted.**

In the motion to dismiss, Respondent first argues that Petitioner's claims are unexhausted and should be dismissed. Specifically, Respondent contends that the petition is premature because Petitioner first

raised his claims in his Rule 3.850 motion, which is still pending in state court. ECF No. 5 at 4.

In Petitioner's petition he raises the following four grounds for relief: (1) his due process rights were violated when the State Attorney lied under oath and issued a false and defective charging information; (2) the State unconstitutionally enhanced his sentence by charging him as having a prior forcible felony; (3) counsel was ineffective for failing to investigate and failing to advise him that he did not qualify as a habitual offender, and counsel's deficient performance prejudiced him; and (4) the State Attorney lied under oath to enhance his sentence and extend his incarceration to excessively punish him. ECF No. 2 at 5–12.

A review of the state-court record reveals that Petitioner only raised these four arguments in state court for consideration on the merits in his amended Rule 3.850 motion.[2] ECF No. 5-16. Notably, the state circuit court had not ruled on his amended Rule 3.850 motion prior to Petitioner

---

[2] Petitioner raised a ground similar to his ineffective assistance ground in his Rule 3.800(a) motion, which the state court dismissed as facially insufficient as seeking an improper legal remedy because Petitioner needed to raise that ground in a Rule 3.850 motion. ECF No. 5-13 at 7–19. The state court also provided Petitioner a chance to file a facially sufficient Rule 3.850 motion to raise that claim for consideration on the merits. *Id.* at 18–19.

Petitioner then raised that ground in two separate grounds for relief in his original Rule 3.850 motion, which the state court never ruled on. ECF No. 5-14 at 3–6. But he did not raise the four specific grounds that he raises in his federal habeas petition in state court until he filed his amended Rule 3.850 motion.

filing this federal habeas petition.

Further, because the motion was still pending in the state circuit court at the time Petitioner filed his federal habeas petition, the state appellate court also has not had a chance to review his claims. Consequently, the claims Petitioner raised in this federal habeas petition are unexhausted. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (noting that prior to bringing a § 2254 petition, a petitioner must first exhaust his claims in the state trial and appellate courts to give the state courts a "full and fair opportunity" to resolve all federal constitutional claims).

Petitioner attempts to argue that he did exhaust his claims. In support, he points to the state-court exhibits attached to his petition, which include two state-court orders dismissing his Rule 3.800(a) motions as facially insufficient and the First DCA's affirmance. ECF No. 7 at 1; ECF No. 2 at 19–23. But as discussed above, Petitioner only properly raised the four grounds included in his federal habeas petition for consideration on the merits in state court in his amended Rule 3.850 motion, which is still pending in the state circuit court. Petitioner has failed to prove that he exhausted his claims prior to filing his § 2254 petition.[3]

---

[3] In Petitioner's response, he also attempts to argue that procedural default should be excused under the exception in *Martinez v. Ryan* because he had no post-conviction counsel. The *Martinez* exception, however, applies only to claims of ineffective assistance of counsel. And, as discussed at length below, because none of

Because Petitioner's claims in his federal habeas petition are unexhausted, Petitioner's petition is due to be dismissed. *See Horowitz v. Wainwright*, 709 F.2d 1403, 1404 (11th Cir. 1983) (noting that if a petitioner brings simultaneous petitions in state and federal court on the same state conviction, a federal district court should dismiss the federal petition without prejudice such that a petitioner may refile his federal petition when state court remedies are exhausted).[4]

**2. Petitioner's claims have no merit.**

Respondent also argues that Petitioner's claims lack merit because they are based on a false premise about a statement in the Information. In his petition, Petitioner bases all four of his grounds for relief on the fact that Count I of the Information includes the language "having a prior forcible

---

Petitioner's claims have merit, he would not be entitled to this exception for his ineffective assistance of counsel claim in the event his claim was found to be procedurally defaulted rather than simply unexhausted. *See Martinez v. Ryan*, 566 U.S. 1, 14 (2012) ("To overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit.").

[4] Respondent also argues that Petitioner's amended Rule 3.850 motion pending before the state court may be denied as untimely, which would then provide this Court with another reason to deny the petition. ECF No. 5 at 4–5. In the event the state court does deny Petitioner's amended 3.850 motion as untimely, Petitioner's claims would likely be procedurally defaulted, not unexhausted. *See Smith v. Jones*, 256 F.3d 1135 (11th Cir. 2001) ("If the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief, unless either the cause and prejudice or the fundamental miscarriage of justice exception is established."). But it is not the job of this Court during federal habeas review to apply state procedural rules to Petitioner's pending state motion to determine what the state court *may* do in adjudicating his claims.

felony conviction" and that Petitioner has never been convicted of a forcible felony. Respondent argues that this error does not entitle Petitioner to federal habeas relief because it was simply a scrivener's error in the Information that did not affect his sentence since Petitioner qualified for an enhancement as a habitual traffic offender. ECF No. 5 at 5–6.

> Count I of the Information charges Petitioner as follows:
>
> Mitchell David Holland on or about January 30, 2015, in the County of WASHINGTON and State of Florida, did unlawfully, having a prior forcible felony conviction as defined in s. 776.08 or whose driver's license or driver's privilege was not canceled or suspended, or revoked pursuant to s. 322.34(10)(a)1-6, drive and operate a motor vehicle upon a highway of the State of Florida, while his/her driver's license was revoked pursuant to Florida Statute 332.264 (habitual offender), contrary to Florida Statute 322.34(5). (F3-L1)

ECF No. 5-2. Additionally, the record reflects that Petitioner qualified as a habitual traffic offender at the time he was charged with driving while his driver's license was suspended or revoked. *See* Fla. Stat. § 332.264 (defining a habitual offender); ECF No. 5-1 (Arrest Report); ECF No. 5-2 (Information); ECF No. 7 at 6 (Petitioner's driving record, which reveals that his license had been revoked as a habitual traffic offender effective November 12, 2003).

Moreover, because Petitioner was driving with his license suspended or revoked as a habitual traffic offender, he qualified for an enhancement

to a third-degree felony charge, regardless of whether he had a prior forcible felony conviction. *See* Fla. Stat. § 322.34(5) ("[A]ny person whose driver's licence has been revoked pursuant to s.322.264 (habitual offender) and who drives any motor vehicle upon the highways of this state while such license is revoked is guilty of a felony in the third degree.").

Because Petitioner qualified for a third-degree felony charge based on the fact that he was driving while his license was suspended or revoked as a habitual traffic offender—even without a prior forcible felony conviction—Petitioner's conviction and sentence were not impacted by the harmless error on the Information that stated that Petitioner had a prior forcible felony conviction.[5] Therefore, all of Petitioner's grounds for relief, which are based on the fact that the Information mistakenly stated that Petitioner had a prior forcible felony conviction, are meritless.

Specifically, in Grounds One, Two, and Three, Petitioner argues that his constitutional rights were violated when the State Attorney committed perjury and lied under oath by issuing a false and defective charging Information because Petitioner did not have any prior forcible felonies as indicated on the Information. Further, Petitioner says that the State illegally

---

[5] Had Petitioner's counsel moved to dismiss the Information based on the fact that Petitioner had no prior forcible felony conviction, the State could have amended the Information to remove that prior forcible felony language. Fla. R. Crim. P. 3.140(j). But this would not have affected Petitioner's conviction or sentence.

enhanced a first-degree misdemeanor charge to a third-degree felony charge when he did not have the predicate prior forcible felonies or qualify for the habitual offender enhancement. ECF No. 2 at 5–8, 12.

As discussed above, the fact that the charging Information incorrectly stated that Petitioner had a conviction for a prior forcible felony had no impact on Petitioner's conviction or sentence. It had no impact because his charge was enhanced to a third-degree felony due to the fact that Petitioner was a habitual traffic offender, not because he had a prior forcible felony. Therefore, thr mistake on the charging Information did not result in the violation of any of Petitioner's constitutional rights.

Additionally, in Ground Three Petitioner argues that his constitutional rights were violated when his counsel was ineffective for failing to investigate and review materials regarding Petitioner's enhancements and for failing to advise Petitioner that he did not qualify for the habitual offender enhancement. Petitioner says that if counsel had advised him of this, he would not have entered a plea to a third-degree felony and received an illegal sentence. ECF No. 2 at 9–10.

Petitioner cannot show that his constitutional rights were violated by his counsel's performance because he cannot show that he was prejudiced as a result. Petitioner qualified as a habitual traffic offender and was

charged as such, regardless of whether he had any prior forcible felonies. Because Petitioner was a habitual traffic offender, he qualified for the third-degree felony conviction that he received for driving while his license was suspended or revoked as a habitual traffic offender. Consequently, Petitioner cannot show that he was prejudiced by his counsel's failure to further investigate his enhancements or for his counsel's advice that Petitioner enter a plea to the third-degree felony charge. *Strickland v. Washington*, 466 U.S. 668, 686–87 (1984) (stating that to maintain a claim of ineffective assistance of counsel, the petitioner must show that counsel's performance was deficient and that counsel's deficient performance prejudiced the defendant).

In sum, even if Petitioner had exhausted his claims in state court prior to filing his § 2254 petition (which he did not) Petitioner's habeas corpus petition would be denied because Petitioner's grounds for relief lack merit.[6] Further, because Petitioner's grounds for relief have no merit, there is no reason to dismiss the petition without prejudice to provide Petitioner a chance to first exhaust his grounds in state court. Accordingly, the petition

---

[6] Under 28 U.S.C. § 2254(b)(2), "An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."

is due to be dismissed with prejudice.[7]

## Certificate of Appealability

Section 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

Rule 11(a) also provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should

---

[7] Respondent also argues the petition should be dismissed with prejudice because Petitioner cannot get "meaningful relief." Respondent asserts that even if Petitioner's conviction for driving with a suspended or revoked license as a habitual traffic offender is vacated, Petitioner will still be in prison on his methamphetamine charge until his scheduled release date and his driving privileges will still be revoked. In other words, "striking one of the less serious blots on his record would have no de-stigmatizing effect." ECF No. 5 at 6. But an eventual change in Petitioner's length of imprisonment or driving privileges is irrelevant to whether Petitioner is entitled to federal habeas relief.

issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1. Respondent's Motion to Dismiss, ECF No. 5, should be **GRANTED**, and the petition for writ of habeas corpus, ECF No. 2, should be **DISMISSED with prejudice**.

2. A certificate of appealability should be **DENIED.**

**IN CHAMBERS** this 17th day of July 2018.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.